*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN SOTO, | : |
| Plaintiff, | : Civ. No. 17-13450 (FLW) (DEA) |
| v. | : |
| STATE OF NEW JERSEY, et al., | : **OPINION** |
| Defendants. | : |

**WOLFSON, United States District Judge:**

*Pro se* Plaintiff Juan Soto ("Plaintiff" or "Soto"), a state prisoner who is currently incarcerated at New Jersey State Prison in Trenton, New Jersey, filed this civil rights action against Defendants the State of New Jersey (the "State"), the New Jersey Department of Corrections ("NJDOC"), D. Borg ("Borg"), and B. Patoe ("Patoe") (collectively, "Defendants"), asserting various constitutional claims under 42 U.S.C. § 1983.[1] (Compl., ECF No. 1-1). Presently before the Court is Defendants' motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (ECF No. 3). For the reasons that follow, Defendants' motion is GRANTED.

**I.    BACKGROUND**

On November 1, 2017, Soto filed his Complaint in the Superior Court of New Jersey, Law Division, Mercer County. (ECF No. 1-1). The Complaint includes a single Count based on

---

[1] While the Complaint does not specifically assert that Plaintiff is bringing his constitutional claims under § 42 U.S.C. § 1983, § 1983 offers private citizens an avenue to redress constitutional violations committed by state officials, and thus the Court will liberally construe Plaintiff's constitutional claims within the ambit of that provision.

an incident occurring during Soto's incarceration. Specifically, Soto alleges that, on April 28, 2016, he was "arbitrarily, capriciously and unlawfully removed from general population and locked up and placed on Temporary Close Custody (T.C.C.) in the Institution's Detention Segregation Close Custody Unit until May 5, 2016[,] in clear violation of [his] United States Constitutional Rights under the [Eighth and Fourteenth Amendments] and N.J.A.C. 10A:5-7.1."[2] (*Id.* ¶ 4). More specifically, Soto alleges that his removal from the general population violated his constitutional rights to due process of law, equal protection, and to be free from cruel and unusual punishment. (*Id.* ¶¶ 6-7). As relief, Soto seeks a declaratory judgment that his constitutional rights were violated, $50,000 in damages, the appointment of counsel, compensatory and punitive damages, costs of suit, and to "[e]njoin defendants from further violating Plaintiff." (*Id.* at p. 3).

On December 21, 2017, Defendants removed the action to this Court under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1). On January 9, 2018, Defendants filed the instant motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3). Soto filed an opposition brief almost two months later, on March 1, 2018. (Mem. of Law in Opp'n, ECF No. 6).

## II. LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation

---

[2] N.J.A.C. 10A:5-7.1 sets forth various administrative regulations regarding the placement of inmates in temporary close custody. *See* N.J.A.C. 10A:5-7.1.

2

marks and citation omitted).  Although Federal Rule of Civil Procedure 8(a)[3] does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face."  *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

In accordance with the pleading requirements set forth in *Twombly* and *Iqbal*, the Third Circuit has formulated "a three-step process for district courts to follow in reviewing the sufficiency of a complaint."  *Robinson v. Family Dollar Inc.*, 679 F. App'x 126, 131 (3d Cir. 2017); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  First, the reviewing court "must take note of the elements the plaintiff must plead to state a claim."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citation, quotation marks, and brackets omitted).  Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*. (citation and quotation marks

---

[3] In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court reaffirmed that Federal Rule of Civil Procedure 8(a) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

omitted). Finally, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citation, quotation marks, and brackets omitted). This last step of the plausibility analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In the case at bar, Plaintiff is proceeding *pro se*. "The obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that pro se complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting FED. R. CIV. P. 8(f)). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the courts'] . . . flexibility . . . . [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### III. DISCUSSION

As noted, Plaintiff's Complaint asserts a single Count against all Defendants, consisting of allegations that Defendants violated Plaintiff's constitutional rights to due process and equal

protection under the Fourteenth Amendment, as well as his right to be free from cruel and unusual punishment under the Eighth Amendment.

Defendants move to dismiss the Complaint, arguing that Plaintiff's constitutional claims against the State, the NJDOC, and Borg and Patoe, to the extent they are being sued in their official capacities, must be dismissed, because these entities are not "persons" amenable to suit under § 1983. In the alternative, Defendants argue that, to the extent Borg and Patoe are being sued in their individual capacities, the Complaint must nonetheless be dismissed, because Plaintiff fails to adequately allege either of these Defendants' involvement in the conduct giving rise to his claims.

Section 1983 states, in relevant part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). "The statute's text is clear: a § 1983 suit may only be brought against a defendant who is considered a 'person' within the meaning of § 1983." *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012)

It is well-established that the state and state entities are not "persons" for purposes of § 1983, and thus, are not amenable to suit under that statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Smith*, 908 F. Supp. 2d at 563 ("*Will* has thus been held to 'establish[ ] that the State and arms of the State . . . are not subject to suit under § 1983 . . . .'") (quoting *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990)). In *Will*, for example, the Supreme Court held that the Michigan State Department of Police was not subject to suit under § 1983, because, as an arm of the state, it was not a "person" within the

5

confines of § 1983. *Id.* Here, the NJDOC is a state entity, and thus, neither the State nor the NJDOC are "persons" amenable to suit under § 1983. *See Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014) (dismissing § 1983 claims against the NJDOC, because the NJDOC is not a person within the meaning of the statute). Accordingly, the Complaint is dismissed with prejudice as to the State and the NJDOC.

Turning to Plaintiff's claims against Borg and Patoe, in addition to holding that the state and state entities are not "persons" subject to suit under § 1983, the *Will* Court recognized that although state officials are "literally persons[,] . . . a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. Thus, because a suit against a state official acting in his or her official capacity is no different from a suit against the state itself, the *Will* Court held that a plaintiff cannot bring a § 1983 claim against a state actor for conduct occurring in his or her official capacity. *Id.*; *see Smith*, 908 F. Supp. 2d at 563 ("[S]tate actors in their official capacities are not persons who may be sued under § 1983.").

Conversely, a plaintiff may bring a § 1983 claim against a state actor in his or her personal capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Id*. As the Supreme Court has explained:

> *Will* itself makes clear that the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device. State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them. By contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person."

*Id.* at 27. "In determining whether [a plaintiff has sued an official] in her personal capacity, official capacity, or both, [courts] . . . look to the complaints and the course of proceedings."

6

*Melo*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991) (internal citations and quotations omitted).

Here, the Complaint does not specify whether Plaintiff's claims are asserted against Borg and Patoe in their official capacities or in their individual capacities. As the previous discussion illustrates, to the extent that Plaintiff's § 1983 claims are asserted against Borg and Patoe in their official capacities, those claims must be dismissed.[4] In sum, Plaintiff's claims against the State, the NJDOC, and Borg and Patoe, to the extent they are sued in their official capacities, are dismissed with prejudice, because Defendants are not persons amendable to suit under § 1983.

Additionally**,** to the extent Plaintiff sues Borg and Patoe in their individual capacities, or seeks prospective injunctive relief, Defendants argue that Plaintiff's constitutional claims against these Defendants must nonetheless be dismissed, because Plaintiff fails to allege facts showing their personal involvement in the alleged wrongdoing. (ECF No. 3-1 at 8–10). Generally, personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff 'must portray specific conduct by state officials which violates some

---

[4] The Court notes that while an individual acting in his official capacity cannot be sued for money damages under § 1983, an exception to that general rule permits a plaintiff to bring a § 1983 official capacity claim when the plaintiff seeks injunctive relief. *See Will*, 491 U.S. at 92. Here, the Complaint does include a request for injunctive relief. However, even assuming that request can be characterized as prospective, because, as discussed, *infra*, Plaintiff fails to adequately allege personal involvement on the part of either Patoe or Borg, his constitutional claims against those Defendants are dismissed.

constitutional right.'" *Chavarriaga*, 806 F.3d at 222 (quoting *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970)).

Here, the Complaint is devoid of any allegations connecting either Borg or Patoe to the constitutional violations asserted by Plaintiff. To that end, while the Complaint is based entirely on Plaintiff's allegation that he was removed from the general prison population, it fails to include any allegations that Borg or Patoe were involved in this action. Indeed, outside of naming Borg and Patoe as Defendants, the Complaint fails to reference Borg and Patoe altogether. Accordingly, because Plaintiff fails to allege with any degree of specificity how Borg and Patoe were involved in the alleged constitutional violations, Plaintiff's constitutional claims against Borg and Patoe in their individual capacities are dismissed without prejudice.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted, as follows: (1) Plaintiff's § 1983 claims against the State, the NJDOC, and Borg and Patoe, to the extent they are being sued in their official capacities for money damages, are dismissed with prejudice; and (2) Plaintiff's § 1983 claims against Borg and Patoe for prospective injunctive relief or in their individual capacities are dismissed without prejudice. Soto may submit a proposed amended complaint that addresses the deficiencies identified herein within thirty (30) days. An appropriate order follows.

---

[5] While Plaintiff attempts to elaborate on these claims in his opposition brief, it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted), and thus, the court will not consider allegations raised for the first time in Plaintiff's opposition on this motion. *See Bell v. City of Philadelphia*, 275 Fed. Appx. 157, 160 (3d Cir. 2008) (observing that "a plaintiff may not amend his complaint through arguments in his brief in opposition . . . ."). To the extent Plaintiff files an amended pleading, he may assert these allegations therein.

Dated: August 23, 2018                                       /s/ Freda L. Wolfson
                                                             Hon. Freda L. Wolfson
                                                             United States District Judge