**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JUAN SOTO, | : | |
| Plaintiff, | : | Civ. No. 17-13450 (FLW) (DEA) |
| v. | : | |
| STATE OF NEW JERSEY et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**FREDA L. WOLFSON, Chief U.S.D.J.**

Plaintiff, Juan Soto ("Plaintiff"), seeks to proceed *pro se* with this civil rights action under 42 U.S.C. § 1983 against defendants the State of New Jersey, the New Jersey Department of Corrections ("NJDOC"), D. Borg ("Borg"), and B. Patoe ("Patoe") (collectively, "Defendants"). On August 23, 2018, I granted a motion by Defendants to dismiss the Complaint. (*See* ECF Nos. 7 & 8.) I dismissed the damages claims against the State and the defendants in their official capacities as barred and dismissed the claims against Borg and Patoe in their individual capacities as Plaintiff had failed to include sufficient factual allegations regarding those defendants. (*Id.*) I granted Plaintiff leave to file an amended complaint to address the deficiencies identified in the Opinion. (*Id.*)

Plaintiff thereafter filed an Amended Complaint. (ECF No. 9.) On April 18, 2019, I granted a motion by Defendants to dismiss the Amended Complaint. (ECF Nos. 14 & 15.) I again dismissed with prejudice claims seeking damages from the State and from Borg and Patoe in their official capacities. (*Id.*) I dismissed the remaining claims without prejudice, finding that Plaintiff had again failed to state a claim upon which relief could be granted. (*Id.*) Specifically,

with regard to Plaintiff's due-process claim, I found that Plaintiff had failed to plead any facts establishing that an eight-day placement in temporary close custody implicated a liberty interest. (*See* ECF No. 14 at 10.) I further concluded that Plaintiff had failed to make any factual allegations that could show an adverse action for a retaliation claim. (*See id.* at 12.) I again granted Plaintiff leave to amend within 30 days "only insofar as [he] seeks to plead more facts in support of his claims for due-process violations and retaliation against Borg and Patoe in their individual capacities." (*Id.* at 13.)

I subsequently granted a motion by Plaintiff for an additional month to prepare his amended pleading. (*See* ECF Nos. 16 & 17.) On June 19, 2019, Plaintiff filed his Second Amended Complaint. (ECF No. 18.) Plaintiff again raises damages claims against the State and against Borg and Patoe in both their official and individual capacities. (*See id.*) Although the Second Amended Complaint omits two of the four counts included in the First Amended Complaint, I still construe it as asserting claims for both due-process violations and retaliation for exercise of constitutional rights. (*See id.*) The only additions compared to the First Amended Complaint are the following four paragraphs in the "Statement of Claim" section:

> 19. The retaliation for challenging the initial April 28, 2016 placement is on going to this very day.
>
> 20. The on going retaliation has included but not limited to adverse housing on the unit, cell relocation moves, job conflict and issues, harassment, intimidation and being bullied by rogue correctional thugs.
>
> 21. On May 14, 2019 once again Plaintiff was informed that he would be moved off his housing unit once again.
>
> 22. Plaintiff is constantly being subjected to retaliatory actions for his involvement in constitutionally protected activity.

(*Id.* ¶¶ 19–22.)

Plaintiff's Second Amended Complaint exceeded the leave to amend granted by my prior order in several ways, and therefore, those claims will be dismissed upon preliminary screening pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). First, I have now twice dismissed **with prejudice** Plaintiff's claims for damages against the State and Borg and Patoe in their official capacities and I instructed Plaintiff **not** to again assert such claims. These claims are barred pursuant to the Supreme Court's decision in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), and they are again dismissed with prejudice. **Plaintiff shall not make further attempts to reassert similar claims.**

Turning to Plaintiff's other claims, I granted Plaintiff leave to file another amended complaint for the sole purpose of adding facts supporting his claims against Borg and Patoe in their individual capacities, and that leave was narrowly tailored. The Order specifically stated that "leave to amend is granted only insofar as Soto seeks to plead more facts in support of his claims for due-process violations and retaliation against Borg and Patoe in their individual capacities; if Soto seeks to add new claims or additional defendants or to make any other amendments that fall outside of the narrow leave now granted, he must file a motion for leave to amend in conformance with Federal Rule of Civil Procedure 15." (ECF No. 15.) The additions to the Second Amended Complaint do not fall within the narrow leave to amend as they are not additional factual allegations in support of his existing claims and, instead, seem to assert a new claim. The claims in the original Complaint and the First Amended Complaint concerned Plaintiff's placement in temporary close custody on April 28, 2016, which Plaintiff alleged was retaliatory and in violation of his due-process rights. (*See* ECF Nos. 1-1 & 9.) The new allegations in the Second Amended Complaint concern alleged "retaliation for [Plaintiff's] *challenging the initial April 28, 2016 placement*," which allegedly is ongoing. In other words, it

appears that Plaintiff alleges additional retaliatory conduct by non-specified prison staff, presumably, since the initiation of this lawsuit. Indeed, this is an attempt to raise a second retaliation claim, distinct from the original claim that Plaintiff suffered retaliation due to his refusal to talk with prison staff about gang activity. If Plaintiff intends to raise such a distinct claim for subsequent retaliation, he must move for leave to amend (or supplement) his pleading in conformance with Federal Rule of Civil Procedure 15.

In any case, even if the changes to the Second Amended Complaint were permissible under Plaintiff's leave to amend, it would still be subject to dismissal for failure to state a claim.[1] Since the only new material in the Second Amended Complaint relates to a new claim of alleged subsequent retaliation, the allegations in support of Plaintiff's original claims are unchanged from the First Amended Complaint. I previously dismissed these claims for failure to state a claim and, as they are still bear the same defects, they are again subject to dismissal based on my prior reasoning. Furthermore, these new allegations do not support any claim, new or old, since they do not identify any specific act performed by any particular defendant. As I have previously informed Plaintiff, unsupported and conclusory allegations, such as his bare assertion that "retaliation has included but not limited to adverse housing on the unit, cell relocation moves, job conflict and issues, harassment, intimidation and being bullied by rogue correctional thugs," do not suffice to plead a claim in this Court. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[1] Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts may review prisoner complaints when the prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to *sua sponte* dismiss claims that fail to state a claim upon which relief may be granted or suffer other specific defects. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

For all of the reasons outlined herein, Plaintiff's Second Amended Complaint, (ECF No. 18), is dismissed. Plaintiff's claims for damages against the State and Borg and Patoe in their official capacities are again dismissed with prejudice. **Plaintiff must remove these claims from any future pleadings**. The remainder of Plaintiff's claims are dismissed without prejudice for failure to state a claim and his attempt to add a new claim concerning subsequent retaliation is dismissed as an attempt to amend without leave. The Court grants Plaintiff one final opportunity to file a pleading within 45 days with factual allegations supporting his original claims. As before, this leave is limited, and is granted only insofar as Plaintiff may plead more facts in support of his original claims for due-process violations and retaliation against Borg and Patoe in their individual capacities arising from the events on or around April 28, 2016. **If Plaintiff does not, within 45 days, file a pleading with factual allegations sufficient to support these original claims, leave for any further amendment with regard to these claims will be denied as futile.** If Plaintiff intends to make other amendments or supplements to his pleading other than those permitted by this Opinion and the accompanying Order, he must file a proper motion to do so, under Federal Rule of Civil Procedure 15.

DATED: July 8, 2019 /s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge